```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
KAYLIN WILLIANS,
                                            ORDER ADOPTING REPORT
                                            AND RECOMMENDATION
                    Plaintiff,

     -against-                              14-CV-2062 (KAM)(LB)

CORRECTIONS DEPARTMENT DEPUTY RAMOS
AND CAPTAIN HERNANDEZ,

                    Defendants.

-------------------------------------X
```

**MATSUMOTO, United States District Judge**:

On March 28, 2014, plaintiff Kaylin Williams, proceeding *pro se*, commenced this § 1983 action against defendants Correction Department Deputy Ramos and Captain Hernandez ("defendants"). (*See* ECF No. 1, Complaint dated 3/28/2014.) Plaintiff alleges that three unnamed corrections officers sexually assaulted him at the North Infirmary Command ("NIC") Medical Building while he was an inmate on Rikers Island in May 2011. (*Id.* at 1-2.) Plaintiff further alleges that Captain Hernandez and other officers failed to properly investigate the incident and that doctors at the Urgent Care facility on Rikers Island negligently failed to treat his injuries. (*Id.* at 2.) The only defendants named in the Complaint are Deputy Warden Ramos and Captain Hernandez.

In a letter dated July 9, 2014, counsel for defendants informed the court that they were unable to locate an incident report for the alleged assault and that, according to Department of Corrections records, plaintiff was not housed in the NIC at all during 2011. (*See* ECF No. 9, Letter dated 7/9/2014.) By Order dated July 10, 2014, the court directed plaintiff to inform the court of the correct date of the incident and provide additional identifying information about the officers involved. (*See* ECF No. 10, Order dated 7/10/2014.)

During a pre-motion telephone conference on October 28, 2014, plaintiff informed the court that he had not received the July 10, 2014 Order. (*See* ECF Entry dated 10/28/2014.) The court therefore directed plaintiff to file an amended complaint by November 18, 2014 "with additional details regarding the date of the alleged incident, descriptions of those alleged to be involved (including sex, race, height, weight, hair color, and/or age), and factual allegations specifying how those individuals were involved." (*Id.*) Plaintiff never filed an amended complaint. Accordingly, in January 2015, the court set a briefing schedule for defendants' motion to dismiss. (*See* ECF Entry dated 1/26/2015.) Defendants served plaintiff with their motion to dismiss on February 23, 2015. (ECF No. 28-1.) Plaintiff did not oppose the motion to dismiss. On October 8, 2015, the court referred defendants' motion to the Honorable

Lois Bloom for a Report and Recommendation. (*See* Order Referring Motion dated 10/8/2015.)

On February 8, 2016, Judge Bloom issued a Report and Recommendation recommending that the Complaint be dismissed in its entirety. (*See* ECF No. 33, Report and Recommendation ("R&R") at 9.) Judge Bloom recommended dismissal of claims against defendant Deputy Warden Ramos because plaintiff makes no factual allegations against him whatsoever. (*Id.* at 6-7.) With respect to claim against defendant Captain Hernandez, Judge Bloom recommended dismissal because Captain Hernandez's alleged failure to investigate the assault is not itself a constitutional violation, and there is no allegation that Captain Hernandez's alleged failure to investigate resulted in any other violation of plaintiff's constitutional rights. (*Id.* at 7.) The R&R also recommended dismissal of the Complaint because plaintiff does not name the three officers who allegedly assaulted him and, despite direction from the court, plaintiff failed to provide descriptions of the officers so that the City of New York could investigate and identify the individuals responsible. (*Id.* at 7-8.) Finally, although Judge Bloom recognized the less stringent pleading standards applicable to *pro se* plaintiffs (*id.* at 4) and the very serious nature of plaintiff's allegations (*id.* at 7), she nonetheless recommended dismissal of the Complaint without leave to amend based upon

3

plaintiff's failure to respond to multiple prior opportunities to amend the complaint, his lack of communication with the court since the October 2014 conference, and his failure to oppose defendants' motion to dismiss. (*Id.* at 8.)

The Report and Recommendation notified the parties of the right to file written objections within fourteen (14) days of service of the Report and Recommendation. (*See* R&R at 10 (citing 28 U.S.C. § 636(b)(1)).) A copy of the R&R was mailed to plaintiff at his last and only known address as reflected on the docket. (*See* ECF No. 33.) The statutory period for filing objections has expired and no objections to the Report and Recommendation have been filed.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon careful consideration of the record and Judge Bloom's thorough and well-reasoned Report and Recommendation, the court finds no clear error and affirms and adopts the Report

and Recommendation in its entirety as the opinion of the court. In adopting the Report and Recommendation, the court finds that the Complaint fails to state a claim upon which relief can be granted.  Accordingly, defendants' motion to dismiss is granted and plaintiff's complaint is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Clerk of Court is directed to mail a copy of this decision to plaintiff and close this case.

**SO ORDERED.**

Dated:   March 2, 2016
         Brooklyn, New York

                                      _____/s/_____
                                      KIYO A. MATSUMOTO
                                      United States District Judge